AO 93C  (Rev. 8/18) Warrant by Telephone of Other Reliable Electronic Means    ☐ Original    ☐ Duplicate Original

# UNITED STATES DISTRICT COURT
for the
Central District of California

| In the Matter of the Search of | ) |
|---|---|
| *(Briefly describe the property to be searched or identify the person by name and address)* | ) Case No. 2:22-MJ-02974 |
| TREVOR DANIEL JACOB, an individual | ) |

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To:   Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the Central District of California *(identify the person or describe the property to be searched and give its location)*:

   *See Attachment A*

   I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

   *See Attachment B*

   Such affidavit(s) or testimony are incorporated herein by reference and attached hereto].

   **YOU ARE COMMANDED** to execute this warrant on or before <u>14 days from the date of its issuance</u> *(not to exceed 14 days)*
   ☒ in the daytime 6:00 a.m. to 10:00 p.m.   ☐ at any time in the day or night because good cause has been established.

   Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

   The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to <u>the U.S. Magistrate Judge on duty at the time of the return through a filing with the Clerk's Office.</u>

   ☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
   ☐ for ___ days *(not to exceed 30)*   ☐ until, the facts justifying, the later specific date of _____.

Date and time issued: _____       _____
                                                   *Judge's signature*

City and state:   Los Angeles, CA            _____
                                              Hon. Steve Kim, U.S. Magistrate Judge

AUSA: <u>Dennis Mitchell, x12484</u>

AO 93C  (Rev. 8/18) Warrant by Telephone of Other Reliable Electronic Means (Page 2)

## Return

| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |
|---|---|---|
| 2:22-MJ-02974 | | |

Inventory made in the presence of :

Inventory of the property taken and name of any person(s) seized:

## Certification

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

*Executing officer's signature*

*Printed name and title*

i

**ATTACHMENT A**

<u>DESCRIPTION OF THE PERSON TO BE SEARCHED</u>

    THE PERSON TO BE SEARCHED IS TREVOR JACOB ("JACOB") whose year of birth is 1993.  JACOB is further described as an adult male with brown hair and green eyes, and his weight and height are further described as 180 pounds and six feet tall.  JACOB has California Driver License number XXXX8422.  A close-up photo of JACOB's face and a still image of JACOB in an airplane are shown on the next page.  For purposes of this warrant the search of JACOB shall include JACOB'S clothing and personal belongings, including any backpacks, wallets, briefcases, and bags that are within JACOB's immediate vicinity and control at the location where the search warrant is executed.





**ATTACHMENT B**

<u>LIST OF ITEMS TO BE SEIZED</u>

    1. The Items To Be Seized are evidence, contraband, fruits, or instrumentalities of violations of Title 18, United States Code, Sections 32 (destruction of aircraft or aircraft facilities), 1001 (false statement), 1505 (obstruction of proceedings before departments, agencies, and committees), and Title 49, United States Code, Section 1155(b) (aviation penalties) and consist of an iPhone 12 Pro with International Mobile Equipment Identity (IMEI) number 3509058239557400 (the "SUBJECT DEVICE"), and the following items that are located on the SUBJECT DEVICE:

    a. All documents, data, and/or records pertaining to a 1940 Taylorcraft, BL-65 aircraft with Civil Registration Number N29508.

    b. All documents, data, and/or records pertaining to the aircraft crash or accident involving the aircraft associated with Civil Registration Number N29508 on or about November 24, 2021.

    c. All documents, data, and/or records pertaining to FAA and/or NTSB regulations.

    d. All documents, data, and/or records constituting or pertaining to JACOB's pilot logbooks for year 2021.

    e. All documents, data, and/or records constituting or pertaining to aircraft maintenance logbooks for aircraft associated with Civil Registration Number N29508 from January 1, 2017 to the present.

  f. All audio recordings, photos, video recordings, and/or still captured images pertaining to any flights, accident, crash, condition, repair, recovery, removal, or destruction of or pertaining to a 1940 Taylorcraft, BL-65 aircraft associated with Civil Registration Number N29508.

  g. All documents, data, and/or records pertaining to any Global Positioning System ("GPS") coordinates that identify any travel routes, destinations, origination points, or other locations for a 1940 Taylorcraft, BL-65 aircraft associated with Civil Registration Number N29508 for the period of January 1, 2021, to the present.

  h. All records, data, and/or documents that indicate all stored or saved telephone numbers.

  i. All records, data, and/or documents that consist of call log information, including all telephone numbers called from the SUBJECT DEVICE and all telephone numbers which called to the SUBJECT DEVICE for the period of January 1, 2021, to the present.

  j. All SMS, text, and/or email communications sent to or received by the SUBJECT DEVICE for the period of January 1, 2021, to the present.

  k. Data, records, or documents pertaining to FAA or NTSB regulations.

  l. With respect to the SUBJECT DEVICE:

   i. evidence of who used, owned, or controlled the device at the time the things described in this warrant were created, edited, or deleted;

ii. evidence of the presence or absence of software that would allow others to control the device, such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software;

iii. evidence of the attachment of other devices;

iv. evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the device;

v. evidence of the times the device was used;

vi. applications, programs, software, documentation, manuals, passwords, keys, and other access devices that may be necessary to access the device or data stored on the device, to run software contained on the device, or to conduct a forensic examination of the device;

vii. records of or information about Internet Protocol addresses used by the device.

2. As used herein, the terms "records," "information," "documents," "programs," "applications," and "materials" include records, information, documents, programs, applications, and materials created, modified, or stored in any form, including in digital form on any digital device and any forensic copies thereof.

3. As used herein, the term "digital device" includes any electronic system or device capable of storing or processing data in digital form, including central processing units; desktop, laptop, notebook, and tablet computers; personal

digital assistants; wireless communication devices, such as telephone paging devices, beepers, mobile telephones, and smart phones; digital cameras; gaming consoles (including Sony PlayStations and Microsoft Xboxes); peripheral input/output devices, such as keyboards, printers, scanners, plotters, monitors, and drives intended for removable media; related communications devices, such as modems, routers, cables, and connections; storage media, such as hard disk drives, floppy disks, memory cards, optical disks, and magnetic tapes used to store digital data (excluding analog tapes such as VHS); and security devices.

I.  **SEARCH PROCEDURE FOR THE SUBJECT DEVICE**

  4.   In searching the SUBJECT DEVICE or forensic copies thereof, law enforcement personnel executing this search warrant will employ the following procedure:

  a.   Law enforcement personnel or other individuals assisting law enforcement personnel (the "search team") will, in their discretion, either search the SUBJECT DEVICE on-site or seize and transport the SUBJECT DEVICE and/or forensic image(s) thereof to an appropriate law enforcement laboratory or similar facility to be searched at that location. The search team shall complete the search as soon as is practicable but not to exceed 120 days from the date of execution of the warrant.  The government will not search the SUJBECT DEVICE and/or forensic

image(s) thereof beyond this 120-day period without obtaining an extension of time order from the Court.

  b. The search team will conduct the search only by using search protocols specifically chosen to identify only the specific items to be seized under this warrant.

    i. The search team may subject all of the data contained in the SUBJECT DEVICE to the search protocols to determine whether the SUBJECT DEVICE and any data thereon falls within the list of items to be seized. The search team may also search for and attempt to recover deleted, "hidden," or encrypted data to determine, pursuant to the search protocols, whether the data falls within the list of items to be seized.

    ii. The search team may use tools to exclude normal operating system files and standard third-party software that do not need to be searched.

    iii. The search team may use forensic examination and searching tools, such as "EnCase" and "FTK" (Forensic Tool Kit), which tools may use hashing and other sophisticated techniques.

  c. The search team will not seize contraband or evidence relating to other crimes outside the scope of the items to be seized without first obtaining a further warrant to search for and seize such contraband or evidence.

  d. If the search team determines that the SUBJECT DEVICE does not contain any data falling within the list of items to be seized, the government will, as soon as is

practicable, return the SUBJECT DEVICE and delete or destroy all forensic copies thereof.

 e. If the search team determines that the SUBJECT DEVICE does contain data falling within the list of items to be seized, the government may make and retain copies of such data, and may access such data at any time.

 f. If the search determines that the SUBJECT DEVICE is (1) itself an item to be seized and/or (2) contains data falling within the list of other items to be seized, the government may retain the SUBJECT DEVICE and any forensic copies of the SUBJECT DEVICE, but may not access data falling outside the scope of the other items to be seized (after the time for searching the device has expired) absent further court order.

 g. The government may also retain the SUBJECT DEVICE if the government, prior to the end of the search period, obtains an order from the Court authorizing retention of the SUBJECT DEVICE (or while an application for such an order is pending), including in circumstances where the government has not been able to fully search the SUBJECT DEVICE because the device or files contained therein is/are encrypted.

 h. After the completion of the search of the SUBJECT DEVICE, the government shall not access digital data falling outside the scope of the items to be seized absent further order of the Court.

5. The review of the electronic data obtained pursuant to this warrant may be conducted by any government personnel assisting in the investigation, who may include, in addition to

law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts. Pursuant to this warrant, the investigating agency may deliver a complete copy of the seized or copied electronic data to the custody and control of attorneys for the government and their support staff for their independent review.

6. During the execution of this search warrant, law enforcement is permitted to: (1) depress TREVOR JACOB'S thumb and/or fingers onto the fingerprint sensor of the SUBJECT DEVICE (only when the device has such a sensor), and direct which specific finger(s) and/or thumb(s) shall be depressed; and (2) hold the device in front of TREVOR JACOB'S face with his eyes open to activate the facial-, iris-, or retina-recognition feature, in order to gain access to the contents of any such device.

7. The special procedures relating to the SUBJECT DEVICE found in this warrant govern only the search of SUBJECT DEVICE pursuant to the authority conferred by this warrant and do not apply to any search of digital devices pursuant to any other court order.